501 P.2d 568

Mary E. PERRY, surviving spouse and administratrix of the Estate of George Alfred Perry, Deceased, Appellant,

v.

Mildred PERRY and George Perry, husband and wife, Appellees.

No. I CA-CIV 1771.

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 3, 1972.

**300**

W. Roy Tribble, Chandler, for appellant.

Fannin & Cruse, by Robert J. Cruse, Phoenix, for appellees.

HAIRE, Chief Judge, Division 1.

On this appeal the surviving spouse of the decedent contends that the trial court committed error in denying her claim to certain insurance proceeds and entering summary judgment for the defendant-appellee, the mother of the decedent.

■ The uncontroverted facts were that two life insurance policies were purchased prior to the deceased's marriage to his surviving spouse. We say "uncontroverted" inasmuch as the appellant filed no controverting affidavits. Under such circumstances the allegations of her complaint are insufficient to raise factual issues, and the facts stated in the movant's affidavit must be taken as true. Rule 56(e), Rules of Civil Procedure, 16 A.R.S. The deceased's mother was initially designated as beneficiary on both policies, and no beneficiary changes were ever made. All of the premiums on one of the policies were paid by the mother with her own funds. All premiums on the other policy were paid by the mother from the deceased's *separate* income coming from a pension from the United States Marine Corps, granted for services rendered prior to the time of the deceased's marriage to appellant. *See* De Funiak & Vaughn, Principles of Community Property, § 75 at 176 (2d ed. 1971), regarding the community or separate property nature of pension payments.

■ Since both policies were purchased prior to marriage, they were not community property, but rather were the separate property of the husband. A.R.S. § 25–213, subsec. A. Furthermore, since no community funds were used to pay premiums thereon, the community can claim no lien on the proceeds of these policies. *See* Rothman v. Rumbeck, 54 Ariz. 443, 96 P.2d 755 (1939). Likewise, since the proceeds of these policies do not form a part of the probate estate, the court may not award a widow's allowance therefrom, pursuant to the provisions of A.R.S. §§ 14–513, 14–514 and 14–515, as contended by appellant.

The judgment is affirmed.

EUBANK and JACOBSON, JJ., concur.